Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 190913-30405
DATE: August 31, 2021

ORDER

Entitlement to service connection for bladder cancer is granted.

Entitlement to service connection for chronic kidney disease is granted.

REMANDED

Entitlement to service connection for hypertension is remanded.

FINDINGS OF FACT

1. The Veteran's bladder cancer was presumptively caused by exposure to herbicide agents during service.

2. The Veteran's chronic kidney disease was more likely than not caused by treatments for his service-connected bladder cancer.

Continued on the next page

CONCLUSIONS OF LAW

1. The criteria for presumptive service connection for bladder cancer have been met. 38 U.S.C. §§ 1110, 1116(a)(2), 5107; 38 C.F.R. §§ 3.102, 3.303; National Defense Authorization Act (NDAA) for Fiscal Year 2021.

2. The criteria for service connection for chronic kidney disease as secondary to bladder cancer are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from August 1966 to August 1969, including service in the Republic of Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from June 2019 and July 2019 rating decisions issued by a Department of Veterans Affairs (VA) Regional Office (RO). 

In August 2019, the Veteran submitted a VA Form 10182 Notice of Disagreement appealing both of these decisions to the Board of Veterans' Appeals (Board) and requesting a hearing with a Veterans Law Judge (VLJ). The claim was therefore timely appealed under the modernized review system, also known as the Appeals Modernization Act (AMA).

In January 2021, the Veteran withdrew his request for a hearing, and said that he would prefer his case to receive Direct Review by a VLJ. Under Direct Review, the Board makes a decision based solely on the evidence available at the time of the prior decision. 38 C.F.R. § 20.301. The Board will therefore consider all evidence that was part of the record on June 11, 2019 for the bladder cancer claim, and all evidence that was part of the record on July 16, 2019 for the hypertension and chronic kidney disease claims.

Entitlement to service connection for bladder cancer

The Veteran seeks service connection for bladder cancer due to exposure to herbicide agents, such as Agent Orange, during his military service.

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a).

To establish service connection for a claimed disability on a direct basis, there must be competent evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). Service connection may also be granted for any disease diagnosed after discharge, when the evidence establishes the disease was incurred in service. 38 C.F.R. § 3.303(d).

Additionally, service connection may be granted on a presumptive basis if a Veteran was exposed to an herbicide agent during active military, naval, or air service in Vietnam, even if there is no record of a disease manifesting during service. The term "herbicide agent" means a chemical in an herbicide used in support of the United States and allied military operations in the Republic of Vietnam during the Vietnam era. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307(a)(6), 3.309(e), 3.313. 

Of note, the National Defense Authorization Act (NDAA) for Fiscal Year 2021 has added three disorders to the list of diseases presumptively associated with exposure to herbicide agents. Specifically, it amended 38 U.S.C. § 1116(a)(2) to include Parkinsonism, bladder cancer, and hypothyroidism. 

The Veteran's VA treatment records show that he was diagnosed with bladder cancer in 2015 and has received ongoing treatment since. The Veteran's exposure to Agent Orange has been conceded, as he served in the Republic of Vietnam between the dates of January 9, 1962, and May 7, 1975. See 38 U.S.C. § 1116(a)(1)(A).

As the Veteran is currently diagnosed with a condition listed in 38 U.S.C. § 1116(a)(2), and was exposed to herbicide agents in service, the nexus element of service connection is established on a presumptive basis. Accordingly, entitlement to service connection for bladder cancer is granted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

Entitlement to service connection for chronic kidney disease

In addition to direct and presumptive service connection, service connection may be granted on a secondary basis. Entitlement to service connection on a secondary basis requires (1) evidence of a current non-service-connected disability; (2) evidence of a separate service-connected disability; and (3) medical nexus evidence establishing that the service-connected disability was caused or aggravated by the current non-service-connected disability. 38 C.F.R. § 3.310(a); see also Wallin v. West, 11 Vet. App. 509, 512 (1998).

The Veteran's VA treatment records show a current diagnosis of chronic kidney disease, stage 3. As of this decision, he has been service connected for bladder cancer and chronic kidney disease. His additional service-connected disabilities include diabetes mellitus type II, prostate cancer, and posttraumatic stress disorder (PTSD). The first and second elements of secondary service connection are therefore met.

A June 2019 VA examination found that the Veteran's chronic kidney disease was more likely than not caused by a chemotherapy drug used to treat his bladder cancer, "and will be a permanent residual of chemotherapy." The examiner supported this opinion by citing the absence of kidney problems in the Veteran's medical history prior to undergoing chemotherapy, and the fact that kidney damage is a well-known side effect of a chemotherapy drug the Veteran received. The Board finds this reasoning persuasive, and as the June 2019 VA opinion was written by a physician following an in-person examination of the Veteran and review of the complete claims file, the Board gives the opinion probative weight. The claims file contains no evidence that appears to contradict this opinion.

Therefore, the Board finds it more likely than not that the Veteran's chronic kidney disease was caused by his service-connected bladder cancer. Entitlement to service connection for chronic kidney disease is granted.

REASONS FOR REMAND

While the record in this case closed on July 16, 2019, a record on appeal may be developed further by a remand to the Agency of Original Jurisdiction (AOJ) when there has been a pre-decisional duty to assist error. 38 C.F.R. § 20.802(a). The AOJ must have committed this error prior to the issuance of the decision being reviewed. 38 U.S.C. § 5103A(g). When the Board identifies the error, unless the highest level of the benefit sought can be awarded, the Board must return the appeal to the AOJ (in this case, the RO) with instructions to correct the error. 38 U.S.C. § 5103A(g). In this case, the RO did not fulfill VA's duty to assist before deciding the Veteran's claim.

In the Veteran's April 2019 VA Form 21-526EZ, Fully Developed Claim, he claimed entitlement to service connection for hypertension secondary to Agent Orange exposure. While hypertension is not one of the conditions presumptively associated with herbicide agent exposure under 38 U.S.C. § 1116(a)(2), service connection may still be established on a direct basis for any disease found to be related to herbicide agent exposure. Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994).

The June 2019 VA examination found that the Veteran's hypertension was less likely than not caused or aggravated by his service-connected diabetes, and was less likely than not caused or aggravated by his service-connected PTSD or treatments thereof. The June 2019 VA opinion appears to offer sound reasoning as far as these two issues are concerned, however, the June 2019 examination did not evaluate whether the Veteran's hypertension was related to herbicide agent exposure or any other disability (e.g. bladder cancer or chronic kidney disease). 

The lack of an opinion regarding direct service connection for hypertension makes the June 2019 examination inadequate. VA has a duty to ensure that any examination it provides is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Failure to do so is a pre-decisional duty to assist error, which a remand is required to correct.

The new examination should also discuss whether the Veteran's bladder cancer, chronic kidney disease, or any treatments for those conditions caused or aggravated the Veteran's hypertension.

The matters are REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician regarding the nature and etiology of the Veteran's hypertension. If the clinician believes an in-person or telehealth examination is necessary, one should be scheduled. After reviewing the entire claims file, the examiner should answer the following:

(a) Is it at least as likely as not (50 percent or greater probability) that the Veteran's hypertension had its onset during active service, or was caused by an in-service injury, disease, or event? The examiner should specifically address the Veteran's conceded exposure to herbicide agents.

(b) Is it at least as likely as not that the Veteran's hypertension was caused by any service-connected disability, and/or any treatment given for a service-connected disability? The examiner should specifically address whether the Veteran's hypertension was caused by chronic kidney disease, bladder cancer, prostate cancer, or chemotherapy for bladder/prostate cancer.

(c) Is it at least as likely as not that the Veteran's hypertension was aggravated by any service-connected disability, and/or any treatment given for a service-connected disability? The examiner should specifically address whether the Veteran's hypertension was aggravated by chronic kidney disease, bladder cancer, prostate cancer, or chemotherapy for bladder/prostate cancer.

(d) If the Veteran's hypertension is unrelated to his active service, or to any service-connected disability, what is its likely etiology?

A complete and fully explanatory rationale must be provided for any opinion offered, citing any record evidence or medical literature relied upon. The opinion must consider all relevant evidence of record. If an opinion cannot be rendered without resorting to speculation, the examiner must explain why.

 

 

DELYVONNE M. WHITEHEAD

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Shermila Sundquist

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.